UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TONYA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:18-CV-151-CHB |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Tonya Johnson ("Johnson") brought this action pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3) and 5 U.S.C. § 706 to obtain judicial review of an administrative decision denying her claims for Supplemental Security Income Benefits. [R. 1, Compl.] The Parties filed cross Motions for Summary Judgment pursuant to the Court's Standing Scheduling Order. [R. 12; R. 19; R. 23] Because Johnson has exhausted her administrative remedies, her claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Court, having reviewed the Motions, the briefs in support, and the entire record, will **AFFIRM** the Commissioner's decision because it is supported by substantial evidence and was decided by the proper legal standards, **DENY** Johnson's Motion for Summary Judgment, and **GRANT** the Defendant's Motion for Summary Judgment.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On April 26, 2016, Johnson filed applications for Social Security Disability and Supplemental Security Income Benefits, alleging disability beginning November 11, 2015 due to various impairments. [Administrative Record ("AR") at 206-14, 73] These impairments included degenerative disc disease, obesity, depression, and anxiety. [AR at 25] Johnson also

alleged other impairments of ovarian cysts, headaches, high blood pressure, high cholesterol, feet and legs swelling and hurting, spasms of the cervical spine, arthritis, and memory issues. [AR at 26].

Johnson's application and the reconsideration of her application were denied. [AR at 97-98, 125-126] Johnson sought review and was heard before an Administrative Law Judge ("ALJ"), who found that Johnson was not disabled. [AR at 23-34] In denying her claim, the ALJ used the five-step sequential process outlined in the regulations under the Social Security Act. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Johnson had not engaged in substantial gainful activity ("SGA") since November 11, 2015 (the alleged onset date). [AR at 25]

At step two, the ALJ determined that Johnson had several severe impairments: "degenerative disc disease of the lumbar spine; obesity; depression; and anxiety," and that her remaining alleged impairments were non-severe in nature. [AR at 25]

At step three, the ALJ determined that Johnson did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [AR at 27]

At step four, the ALJ determined that Johnson had the residual functional capacity ("RFC") to perform medium work [AR at 30], as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with "non-exertional limitations." [AR at 33]

At step five, the ALJ determined that, considering the RFC described above, Johnson was able to perform past relevant work. [AR at 33] Accordingly, the ALJ concluded that Johnson was not disabled.

Johnson appealed the ALJ's decision before the Appeals Council. [AR at 1-5] However, the Appeals Council denied Johnson's Request for Review of the ALJ's initial decision. [AR at 1-5] Thereafter, Johnson filed this action for court review of the ALJ's decision. [R. 1, Compl.]

## II. STANDARD OF REVIEW

The Court must uphold the Commissioner's decision "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 735 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). The Court may decide only whether the Commissioner's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ," the Court must uphold the Commissioner's decision. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts of evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x. 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III. ANALYSIS

Johnson argues that she should be awarded benefits for four main reasons. First, Johnson argues that the lay testimony from the hearing proves that she is totally disabled. [R. 19-1, Pl. Mem. in Supp., at pp. 14-15] Second, Johnson argues that the vocational expert's (the "VE") testimony proves that she is totally disabled. *Id.* at p. 15. Third, Johnson argues that the ALJ committed reversible error in failing to apply the appropriate standard for pain under controlling Sixth Circuit precedent. *Id.* at pp. 15-17. Finally, Johnson argues that benefits should be awarded because "the overwhelming weight of treating and examining physician opinions prove that [she] is disabled." *Id.* at pp. 17-18. Some of Johnson's arguments include only conclusory statements without presenting any supporting evidence. Though the Court is not required to formulate an argument when the Claimant fails to do so, the Court will consider the evidence and address each of Johnson's arguments in turn. *Fulks v. Comm'r of Soc. Sec.*, No. 6:12-CV-00227-KKC, 2013 WL 4049529, at *2 (E.D. Ky. Aug. 9, 2013) (citing *Hollon ex re. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490–91 (6th Cir. 2006)).

### A. The ALJ did not err in evaluating Johnson's Lay Testimony.

Johnson attacks the ALJ's finding concerning Johnson's testimony on two grounds. First, Johnson alleges that the ALJ failed to consider her "excellent work history, which supports a favorable credibility finding." [R. 19-1, Pl. Mem. in Supp., at p. 14] Next, Johnson argues that even if the ALJ had appropriately considered the credibility factors under Sixth Circuit precedent, the ALJ failed to properly articulate why he rejected her credibility in reaching his decision. *Id.* at p.15. These arguments fail for a few reasons. The Court will address these arguments in reverse-order.

### i. Credibility Determinations Generally

Generally, credibility determinations are left to the discretion of the ALJ. *Nelson*, 195 Fed. App'x. at 468; *Garner*, 745 F.2d at 387. Moreover, "credibility" as Johnson uses it, has been rescinded as a term from the Social Security Administration's ("SSA") sub-regulatory policy as "subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). Rather, the guidance advises "adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Id*. at 2. Therefore, Johnson's arguments concerning the ALJ's failure to give her lay testimony the appropriate weight based on a lack of credibility fail to align with both current Social Security Rulings and the opinion of the ALJ in this case.

Here, the ALJ's findings comport with SSA policy concerning this testimony. The ALJ explicitly considered Johnson's testimony and compared it against the medical evidence that Johnson had produced, before explaining why it was unpersuasive. [AR at 33] Specifically, the ALJ found that Johnson's statements about "the intensity, persistence, and limiting effects of her symptoms . . . are inconsistent with a person who cannot perform any work-related activities . . ." *Id.* The ALJ pointed to the record and found that Johnson had undergone surgery "when needed to resolve a particular complaint" and the "remaining symptoms of alleged impairments" were "conservatively treated with medications." *Id.* (internal citations omitted). Overall, the ALJ concluded that Johnson's allegations were "not as disabling as [she] alleged. . ." *Id.*

Johnson further argues that the ALJ opined "without further explanation" that "the claimant's record and testimony [were] unpersuasive concerning whether all the impairments,

whether severe or non-severe, individually or together, are severe enough to prevent the claimant from doing any work-related activities (Exhibits1F through 13F; Hearing Testimony)." [R. 19-1, Pl. Mem. in Supp., at p. 2] (citing [AR at 31]). From a review of the ALJ's decision, however, it is clear that the ALJ did consider why Johnson's claims were unpersuasive against the medical record in her case. *See* [AR at 31-33] For example, the ALJ refers to Johnson's claimed degenerative disc disease of the lumbar spine and points out medical records (dated after Jonson's claimed disability onset date) that found that she had full range of motion and "no or mild lumbar tenderness" previous to this examination. [AR at 31] Similarly, the ALJ found that, though Johnson claimed memory loss, an examination by a psychologist found that both her "recent and remote memory appeared intact" and there was "no suggestion of mental confusion or disorientation." [AR at 32] Accordingly, the ALJ properly discounted Johnson's own testimony about her symptoms as inconsistent with the other evidence of record.

    **ii.    Work History**

Johnson also alleges that the ALJ failed to consider her "excellent work history, which supports a favorable credibility finding." [R. 19-1, Pl. Mem. in Supp., at pp. 14-15] While the ALJ may consider work history and earning records when determining the credibility of a claimant, it is not dispositive, nor does the fact that Johnson has an "excellent work history" mandate a finding that the ALJ was incorrect in his credibility finding. *See Hicks v. Astrue*, No. CIV.A 609CV249KKC, 2010 WL 399099, at *6, n.2 (E.D. Ky. Jan. 26, 2010) (citing *Allen v. Califano*, 613 F.2d 139, 147 (6th Cir.1980)) (finding a "solid work history" may bolster a claimant's credibility, but holding that against other evidence, this factor is not dispositive). Here, the ALJ supported his findings on credibility with adequate reasoning. The ALJ examined Johnson's medical evidence, which included imaging and medical expert conclusions, that did

not support debilitating back pain. [AR at 31-33] The Court finds that the ALJ supported his decision with substantial evidence in the record when weighing Johnson's testimonial evidence at the hearing.

### B. The ALJ did not err in evaluating the Vocational Expert's Testimony.

Johnson next argues that the VE's testimony proves that she is disabled. [R. 19-1, Pl. Mem. in Supp., at p. 15] In support, Johnson points to the following exchange at the hearing:

> ALJ: And for the next hypothetical, if in addition to the limitations I previously outlined in Hypothetical #1 the individual was off task 20% or more of the workday due to interference from either chronic pain and/or interference from anxiety attacks, would such an individual be able to perform the past work?
> VE: No, Your Honor, but have this individual assume – performing less than eight-hour day, so therefore I'd have no work.
> ALJ: No jobs? . . . .
> VE: Right. That would still make this person working less than an eight-hour day, so there would be no work."

[AR at 63-64] Johnson does not develop this reference in any way. Instead, Johnson alleges in a conclusory fashion that this exchange proves that Johnson is disabled.

"It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (citing *Hardaway v. Sec'y of Health and Hum. Serv's*, 823 F.2d 922, 927–28 (6th Cir. 1987)). During the hearing, the ALJ posed several hypotheticals to the VE that set forth Johnson's limitations. [AR at 62-63] The VE responded that even with these limitations, Johnson could still perform work as a cleaner and machine assembler/hand assembler. *Id.* In his decision, the ALJ relied upon this testimony to determine that Johnson was not disabled. *See* [AR at 33-34]. Still, Johnson argues essentially that the above-quoted exchange proves substantial evidence contradicts the ALJ's findings that

Johnson has the RFC to return to her previous work.  However, substantial evidence also exists to support the ALJ's findings from the VE's answers to the other hypotheticals.  It is not error for the ALJ to find that the previous hypothetical more closely resembled Johnson's current limitations. *Casey*, 987 F.2d at 1235.  Therefore, the Court concludes that the ALJ properly evaluated the VE's testimony and that this finding is supported by substantial evidence.

      **C.**      **The ALJ employed the appropriate legal standard when evaluating Johnson's pain.**

Next, Johnson claims that the ALJ failed to properly apply the Sixth Circuit's pain standard. [R. 19-1, Pl. Mem. in Supp., at pp. 15-16]  Johnson maintains that "[t]he Sixth Circuit has specifically [sic] the following two-prong test for evaluating a claimant's assertion of disabling pain . . ." *Id.*  Johnson then cites to *Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir. 1994). *Id.* at p. 16.  However, Johnson's main point is missing its operative verb. *See* pincite in Plaintiff's Memorandum in Support, *supra*.  Assuming Johnson meant that the Sixth Circuit "announced" a two-part test for evaluating pain, Johnson still fails to supply any facts from the record to conclude that the ALJ overlooked Johnson's pain or misapplied the appropriate legal standard for pain.  Therefore, the Court is left guessing about the intended import of the *Felisky* decision to the case at bar.  The Court will endeavor to clarify its holding regarding the pain standard, however, to support the ALJ's conclusions regarding Johnson's RFC.

Both the SSA and the Sixth Circuit have outlined guidelines for use in analyzing a claimant's subjective complaints of pain.  The SSA regulations are set forth in 20 C.F.R. § 404.1529.  The Sixth Circuit enunciated this basic standard in a more succinct form that is quoted to in the *Felinsky* decision cited by Johnson. *Felinsky* quotes *Duncan v. Sec'y of Health*

*& Human Sevs.*, 801 F.2d 847, where the Sixth Circuit established the following analysis for evaluating a claimant's assertions of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* at 853. The Sixth Circuit explicitly noted in this decision that the test "does not require…'objective evidence of the pain itself.'" *Id.* (quoting *Green v. Schweiker,* 749 F.2d 1066, 1071 (3d Cir.1984)). However, as the court in *Felinsky* clarified,"[b]oth the SSA standards and the *Duncan* test require objective *medical evidence* showing an *underlying medical condition.*" *Felisky*, 35 F.3d at 1038–39 (6th Cir. 1994) (emphasis added).

Johnson points to the *Felinsky* case and others and simply concludes that the ALJ failed to apply the Sixth Circuit pain standard. However, Johnson fails to develop this argument in any meaningful way. Even if she did, the Court cannot agree. In reaching his findings concerning Johnson's RFC, the ALJ specifically noted:

> …the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of CFR 404.1529 and 416.929 and SSR 16-3p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927….
> The undersigned finds the claimant's record and testimony unpersuasive concerning whether all the impairments, whether severe or non-severe, individually or together, are severe enough to prevent the claimant from doing any work-related activities (Exhibits 1F through 13F; Hearing Testimony).

[AR at 30-31] After reviewing the record, the Court is satisfied that the ALJ applied the correct legal standard for pain announced in *Duncan*. Indeed, the ALJ considered whether objective medical evidence supported Johnson's contentions that her conditions were so severe as to render her completely disabled. *Id.* The ALJ reviewed the medical evidence before him,

including medical expert testimony, when making this determination. The Court's role at this stage is not to re-evaluate this evidence or to supplant the ALJ's determinations of credibility. *Jones*, 336 F.3d at 475; *Nelson*, 195 Fed. App'x. at 468; *Heckler*, 745 F.2d at 387.

Therefore, the Court concludes that the ALJ properly evaluated the pain standard, that his finding with regards to Plaintiff's pain is supported by substantial evidence, that there was no reversible error, and that a reasonable mind could accept the evidence as "adequate to support a conclusion" that Johnson was not disabled.

### D. The ALJ did not err in evaluating the opinions of Johnson's treating and examining physicians.

Finally, Johnson argues that the overwhelming weight of the treating and examining physician opinions proves that Johnson is disabled. [R. 19-1, Pl. Mem. in Supp., at pp. 17-18] Johnson apparently argues that the opinions of her treating physicians should be given higher deference than they were. *See id.* Johnson argues that these opinions prove that she is totally disabled. *Id.*

Medical opinion evidence often includes reports from treating physicians, examining physicians, and non-examining physicians, and "the ALJ must discuss the weight afforded to the treating physician's opinion and the rationale supporting the ALJ's determination." *Shader v. Colvin*, No. 3:14-CV-029-KKC, 2015 WL 476311, at *4 (E.D. Ky. Feb. 5, 2015). The ALJ must also evaluate other medical opinions based on the amount of medical evidence supporting the opinion, the consistency of the opinion with the record as whole, whether the opinion is from a specialist, and other factors that tend to support or contradict the opinion. *Id.* When reviewing the Secretary's findings, judicial review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

Again, Johnson fails to cite to specific medical opinions in her argument or draw the

Court's attention to the portions of the Administrative Record where the ALJ made errant factual findings. While the Court is therefore not tasked to scour the entire Administrative Record to find positive evidence to support the claims alleged, the Court must find that the ALJ's decision is supported by substantial evidence. *Warner*, 735 F.3d at 390.

Johnson argues that "if a treating physician's opinion is rejected by the ALJ, the ALJ must present some basis for rejecting it. Thus, if the ALJ wishes to reject a medical conclusion, the basis for rejecting it must generally be other medical evidence." [R. 19-1, Pl. Mem. in Supp., at p. 17] (citing *Holland v. Massanari*, 152 F.Supp.2d 929, 936 (W.D. Tenn. 2001)). However, Johnson cannot argue that the ALJ did not provide a basis for rejecting the opinions of Johnson's treating physicians. In fact, the ALJ considered the opinions of Johnson's treating and examining physicians several times throughout his decision. Without canvassing them all, the Court pulls a few illustrations.

In the ALJ's finding concerning Johnson's overall RFC, including non-exertional limitations, the ALJ discusses the medical records and opinions of Johnson's treating physicians concerning her obesity as an aggravating condition. [AR at 30-33] Specifically, the ALJ noted that Johnson failed to assert her obesity as an aggravating condition in conjunction with her back pain. [AR at 31] While Johnson's records identify her obesity as a risk factor when she was evaluated for cholecystectomy, the ALJ pointed out that none of her practitioners "noted any limitations in the claimant's physical abilities due to her obesity." [AR at 31] The ALJ also reviewed the records supplied from Dana Edwards, MD, and Lynda Orozco, MD, in reaching the conclusion that Johnson's condition following removal of a laparoscopic cholecystectomy was non-severe. [AR at 27]

Further, and contrary to Johnson's assertions, the ALJ's findings were in line with (and in

one instance more restrictive than) the opinions of Johnson's evaluating physicians. For example, the ALJ's finding is consistent with the opinions of examining psychologist, Dr. Baggs, and reviewing physiologists Dr. Telford-Tyler, Dr. Gonzalez, and Dr. Reed. [AR. 408, 78-79, 104-05, 107-09] In fact, the ALJ specifically notes that "no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually, or in combination." [AR at 27] Further, "[n]o State Agency reviewer, consultant, or examiner has concluded that the claimant has a physical impairment(s) severe enough to meet or equal a listing, nor has subsequent evidence been submitted that would alter the previous conclusions that the claimant has no impairments sever enough to meet or equal a listing." *Id.*

In sum, the Court is satisfied that the ALJ discussed the weight afforded to each opinion in full in his decision denying Johnson benefits. *Shader*, 2015 WL 476311, at *4. For these reasons, the Court concludes that the ALJ's finding with regards to the opinions of the physicians is supported by substantial evidence.

### E. Additional Arguments

Finally, Johnson lodges other arguments that are not attached to the main four (4) just addressed. At the onset of her brief, Johnson notes that the ALJ's decision included multiple "[f]indings favorable" to her claim. [R. 19-1, Pl. Mem. in Supp., at pp. 1-2] However, these findings do not ensure or necessarily even support a finding that Johnson should be found disabled. For example, Johnson refers to the fact that the ALJ found that she was not engaging in SGA as is a favorable finding for her. However, failing to engage in SGA doesn't entitle Johnson to benefits; it simply means that her application won't be denied on this basis.

Johnson makes the same mistake with regards to having a severe impairment. The ALJ found that Johnson's degenerative disc disease of the lumbar spine, obesity, depression, and

anxiety were severe. [AR at 25] Still, simply having a severe impairment does not entitle Johnson to benefits. A severe impairment must meet or equal the criteria of an impairment as listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). As the ALJ lays out clearly, Johnson's impairments do not render her permanently disabled. Similarly, Johnson also refers to the finding that she meets the insured status requirements, which is not evidence that she is disabled. These other arguments do not support overturning the ALJ's findings, which the Court finds are supported by substantial evidence.

For the above reasons, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgment [**R. 19**] is **DENIED**.

2. The Defendant's Motion for Summary Judgment [**R. 23**] is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. A judgment will be entered contemporaneously with this Order.

This the 19th day of June, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY